# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA BRYANT<br>4955 Kirwyn Ct.<br>Woodbridge, VA  22193<br>Phone: 703-217-7459<br><br>　　　　　Plaintiff,<br><br>v<br><br>SONNY PERDUE,<br>SECRETARY,<br>U.S. DEPARTMENT OF AGRICULTURE<br>Whitten Building, Room 200A<br>1400 Independence Avenue SW<br>Washington DC  20250<br><br>　　　　　Defendant. | Case: 1:18-cv-03018  (H-DECK)<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 12/20/2018<br>Description: Employ. Discrim   (JURY) |

## COMPLAINT

1. Plaintiff Sheila Bryant, *pro se,* hereby files this Civil Action against Defendant Sonny Perdue, Secretary of the U.S. Department of Agriculture, in his official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e et seq.  Plaintiff seeks relief pursuant to Title VII, Section 102 of the Civil rights Act of 1991, 42 U.S.C. Section 1981a, for harms caused to Plaintiff by Defendant's unlawful discrimination against her based on her sex (female), race (African American) and reprisal for her previous EEO activity.

2. Plaintiff requests all relief available under the appropriate discrimination laws, including but not limited to the following: promotion to GS-14 grade as an Equal Opportunity Specialist, retroactive to the earliest date that discrimination is found, with full backpay and benefits including interest; maximum compensatory damages; posting of anti-

discrimination notices, and reasonable attorney fees, costs and expenses, in order to remedy Defendant's unlawful acts.

## PARTIES

3. Plaintiff Sheila Bryant, a citizen of the United States, is a former Equal Opportunity and Equal Employment Opportunity Specialist with the U.S. Department of Agriculture ("USDA"), with over 30 years of federal service until her retirement in December 2018. She resides at 4955 Kirwyn Ct., Woodbridge, VA 22193. Ms. Bryant is female.

4. Defendant Sonny Purdue is the Secretary of Agriculture, and as such, has ultimate authority over the actions of USDA. Defendant is sued in his official capacity only. His address is U.S. Department of Agriculture, Whitten Building, Room 200A, 1400 Independence Avenue SW, Washington DC 20250.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. Section 1331.

6. Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. Sections 2000e-5(f)(3), and 2000e-16(d).

7. This Court is the proper venue pursuant to 42 U.S.C. 2000e-5(f)(3). The discriminatory acts took place in the District of Columbia.

8. In her 2009 EEO complaint, Ms. Bryant made contact with the Defendant's EEO counseling program on August 7, 2009, well within the 45-day time limit to initiate such contact after the Agency announcement of the elevation of her male co-worker, Mr. Leslie Lightner, to "Branch Chief" or "Team Leader" in July 2009. Ms. Bryant requested mediation as part of the EEO counseling effort. USDA did not issue the required notice of a right to file

a formal complaint ("NRF") by November 5, 2009. Resolution efforts were pursued, and a mediation was held on March 9, 2010. While serious offers and counter-offers were considered, no resolution was reached, and negotiations collapsed around July 28, 2010. Ms. Bryant requested her NRF on August 3, August 26, and September 26, 2010. Instead of issuing the NRF, USDA initiated a new EEO Counseling effort, including a second mediation effort, beginning on or around September 26, 2010. The mediation effort was scheduled and canceled several times. No resolution was reached. Ms. Bryant received the NRF in this case on July 6, 2011. Ms. Bryant filed her formal EEO complaint (Agency # MSCG-10-122) on July 21, 2011, within the 15-day time limit for doing so. USDA did not initially process the formal complaint. When the 180th day after filing past with no acceptance and no investigation, Ms. Bryant filed a request for a hearing with the Washington Field Office of the Equal Employment Opportunity Commission ("EEOC") on March 23, 2012. USDA finally accepted the formal complaint on June 13, 2013. An investigation was conducted and the Report of Investigation ("ROI") was issued around November 29, 2013. In the meantime, on November 19, 2013, the EEOC issued the Acknowledgment and Scheduling Order on the hearing request (EEOC Case #570-2012-00554X). Pursuant to that Order, the Parties engaged in Discovery and filed Motions with the EEOC Administrative Judge ("AJ") assigned to the case. On October 29, 2014, the AJ issued a Default Judgment in favor of Ms. Bryant and requested briefs on the appropriate remedy. The Parties filed their briefs in November 2014. On February 1, 2016, the EEOC issued it's decision on the remedies Ms. Bryant was entitled to under the Default Judgment. The Decision granted compensatory damages for the series of workplace incidents, partial attorney fees, but no relief on the major promotion claims. USDA issued a final order on February 19, 2016, adopting the EEOC decision in this

case. Ms. Bryant filed an appeal (OFO #0120161304) with the Office of Federal Operations ("OFO"), EEOC, on March 18, 2016. OFO issued its decision June 15, 2018 (received June 18, 2018), increasing the amount of damages and fees awarded, but not awarding any relief on the promotion issues. On July 18, 2018, Ms. Bryant filed her request to OFO to reconsider it's decision. OFO issued it's reconsideration decision (0520180510) on September 26, 2018. It reaffirmed the prior OFO decision. Ms. Bryant now brings this Complaint within 90 days of her receiving the reconsideration decision on September 28, 2018.

9. In her second administrative EEO complaint in this action, Ms. Bryant contacted the Agency EEO Counseling program on January 27, 2009 upon the announcement of the selection of Justin Rhee for a GS 14 position under announcement #DMY-11-0032-MP for a GS 14 Civil Rights Program Specialist. This complaint (MSCG-11-002) was combined in the informal process with the informal complaint described above in paragraph 8. No resolution was achieved, and Ms. Bryant was issued an NRF on July 5, 2011. Ms. Bryant combined issues from her first complaint (MCSG-10-122) with this complaint (MCSG-11-002) in a formal complaint filed on July 21. 2011, as described in paragraph 8 above. The issues were combined, and both complaints were processed as one administrative EEO complaint, but USDA tracked it under two numbers. The decisions, hearing actions and appeal actions identified in paragraph 8 above are incorporated into this paragraph. Ms. Bryant now brings this complaint within 90 days of her receipt of the OFO reconsideration decision on September 28, 2018.

## **FACTS**

10. Ms. Bryant is a black female. She came to the USDA Department level EEO and

Civil Rights Office as a GS 12 in 1995. Her previous experience was with the Department of Defense and the Rural Development Administration at USDA in Human Resources and EEO positions. She was assigned to the Compliance Division as Equal Opportunity Specialist, GS 360-12, and was promoted to GS 13 within a year. In the Compliance Division she worked on Civil Rights (CR) compliance reviews of USDA programs. Her position description indicated that compliance reviews were her major assignment. Her initial supervisor was Josie Woodley-Jones, Chief of the Compliance Division.

11. The major tasks of the Compliance Division were to ensure that USDA agencies were complying with EEO laws, regulations, directives settlements and decisions. The most complex tasks were planning, conducting and reporting on the delivery of USDA programs to recipients from a civil rights standpoint, as well as planning, conducting and reporting on the employment programs of the component Agencies from an equal opportunity perspective. The Division also monitored compliance with EEOC or Department decisions on EEO complaints, or settlement agreements in complaints. These tasks generally involved establishing what was ordered or promised, and then seeing if it was delivered. Such assignments, while important, were not as complex or time consuming as the field reviews, which involved on-site visits to Agency offices, interviews with employees and program participants, collection of statistical data, and compiling a report with recommended corrective actions.

12. Over the ensuing years, with numerous reorganizations and changes of personnel, Ms. Bryant assumed more responsibility in Compliance Reviews, and by 2001, she was independently planning, leading and conducting CR and EEO reviews and writing reports of findings and corrective actions that were issued by the USDA Civil Rights and EEO office.

As a recognized expert on equal opportunity delivery in USDA's rural programs, Ms. Bryant went on details and assignments to high level inter-USDA task forces and projects designed to improve the delivery of USDA services to rural women and minorities.

13. Mr. Leslie Lightner, a black male, came to the Compliance Division as a GS-260-13 Equal Employment Specialist around the year 2000 from outside USDA. He was assigned to draft decisions on allegations of breach of settlement agreements. USDA averaged 50 or less such allegations a year. He also tracked compliance by Agencies with decisions that directed some form of corrective action. Mr. Lightner and Ms. Bryant remained coworkers in the Compliance Division from his employment until Ms. Bryant was assigned to the Training Division in the summer of 2011, and subsequently the Cultural Transformation Division. Mr. Lightner remained in the compliance unit.

14. In the 2007 to 2009 timeframe, the Compliance Division was officially called the Equal Opportunity Compliance Division (EOCD). A reorganization in 2007 or 2008 had moved a group of policy and a small training function to EOCD, but the Division did not have designated branches or sections. Mr. David King, Chief of EOCD in early 2008, distinguished the different functions and assigned duties accordingly. His successor, Ms. Geraldine Herring tended to assign duties across functions, and used the available staff on whatever projects EOCD was tasked to accomplish. The exception being that Ms. Bryant was not given compliance assignments and Mr. Lightner was not given policy assignments.

15. In 2006, Ms. Bryant conducted the last solely Department led and completed (including the report) CR compliance review of the 2000 to 2010 decade. It was on the Farm Service Agency (FSA), the originator of farm loans and the subject of successful class action lawsuits by minorities alleging discrimination in the loan program, as well as critical audit

reports from the Inspector General's Office (OIG). Subsequently, USDA contracted out much of the program Compliance Review process, and reports were not timely completed or issued from 2006 until 2011.

16. In 2007, Ms. Bryant went on detail to the Small Farms Initiative. She performed well and was appreciated while on the detail.

17. Mr. Lightner did work on employment reviews, but his reports were not getting issued. He did not work much on Program reviews, because he did not know the USDA programs.

18. In early 2008, a new supervisor, David King, a black male, was assigned as the Chief of the Compliance Division, replacing Skip Day, who had retired. Mr. King immediately called Ms. Bryant back off her detail, claiming there was work to do in the compliance unit. However, instead of returning her to my duties on compliance reviews as identified in her position description, she was assigned to do policy tasks. Subsequently, she was kept off of compliance reviews and was assigned to simply review sub-Agency policies and reports for CR impact implications (CRIAs). That left only Mr. Lightner as a specialist doing compliance work, with an equal opportunity assistant GS 8. The policy side had 4 specialists and did not have enough work to keep them busy. Ms. Bryant was assigned one or two CRIAs a month.

19. When there was a significant project or matter that would require briefing higher level officials, it was assigned to Mr. Lightner or one of the other specialists, and Mr. King would take Mr. Lightner to the meetings with superiors. Ms. Bryant had the knowledge and expertise but was ignored. Mr. Lightner did not have the background in USDA's rural programs because he had been working only on employment cases and reviews.

20. Mr. Lightner worked with contractors to do CR reviews, but reports were written poorly, late or not at all. Mr. Lightner had no CR compliance review experience and did not know what to do. CR/USDA stopped issuing reports, although personnel still went into the field and conducted reviews. Mr. Lightner asked about being upgraded. He was instructed to ask for a desk audit, and the Agency supported his effort. Mr. Lightner was given a non-competitive temporary promotion to a GS 14 from August to November 2008. Mr. Lightner was also given a non-competitive temporary promotion to GS 14 from August to November 2009. Ms. Bryant was in the Compliance Division, on a position description that said her duties were primarily compliance reviews, in 2008 and 2009. She was kept from doing the major assignment of her position description after being returned from her detail, supposedly to do those duties.

21. As instructed, Mr. Lightner requested a desk audit. Human Resources ("HR") provided Mr. Lightner a series of questions about his assignments, which he answered, claiming to be the sole compliance specialist doing everything. Management supported Mr. Lightner's answers. Upon completion of the position review, HR drafted a report and suggested, not once, but twice, that the position be advertised because of the other employees, including MS. Bryant, who were qualified and available to do the work in question. HR did not sign the certification required. The Agency ignored this recommendation and promoted Mr. Lightner non-competitively to a GS 14 on December 20, 2009.

22. USDA did not announce Mr. Lightner's temporary promotion in 2008, keeping it secret from the staff. The Division Chief, Ms. Geraldine Herring, announced in July 2009, that Mr. Lightner was the Compliance Branch Chief.

23. Ms. Bryant initiated her first EEO complaint immediately upon learning of Mr. Lightner's promotion to "Branch Chief" (Note: there were no branches in the Compliance Division) and challenged her treatment, viv-a-vis Mr. Lightner, in regard to his receiving more favorable treatment, better assignments, and all compliance work, despite the fact that she was ready, willing, able and extremely qualified to do the compliance review assignments for USDA. The issues she raised in the first complaint (MCSG-10-122) included the ending of her detail, not giving her meaningful work to do, not letting her work on compliance reviews, and not giving her the promotional opportunities given to Mr. Lightner.

24. Despite the EEO complaint, Mr. Lightner was promoted permanently, and Ms. Bryant's assignments continued to be minor policy work, and even some breach of settlement cases to complete, the work that Mr. Lightner had performed before management changed his assignments and promoted him based on those new assignments. In 2010, she was still excluded from all meetings and discussions about planning for and conducting compliance reviews.

25. Ms. Bryant had discussions with Ms. Herring, who became the permanent Compliance Division Chief in 2010, about being promoted to GS 14. She filed a request for a desk audit in December 2010 and provided information in response to the HR questions. However, management did not support her, and the auditor kept asking for more information until she abandoned the effort as a waste of time.

26. In 2010, Mr. Justin Rhee, an Asian male, was moved from his assistant position into the Compliance Division. He was being named Project Manager or team leader on assignments that were not being given to Ms. Bryant, even though his experience was a lot less than hers. He was getting the same "visibility treatment" in 2010 that Mr. Lightner had

received in 2008 and 2009. A position was advertised for a GS 14 (#DMY-11-0032-MP). Ms. Bryant applied and was interviewed, but Mr. Rhee was selected in January 2011.

27. Ms. Bryant contacted the EEO Office and filed an informal EEO complaint (MSCG-11-002) on January 27, 2011 concerning her non-selection for the advertised GS 14. The Agency had stalled the initial complaint from August of 2009 (MCSG-10-122). USDA processed the two informal complaints simultaneously, and finally issued Ms. Bryant her NRF in July 2011.

## CAUSES OF ACTION

### Count I

28. Based upon the facts described in the preceding paragraphs, the Defendant unlawfully discriminated against Plaintiff Sheila Bryant on the basis of her sex (female) by failing to give her the same promotional opportunities and promotions afforded to her male co-workers in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 20000e et seq.

### Count II

29. Based upon the facts described in the preceding paragraphs, the Defendant unlawfully discriminated against Plaintiff Sheila Bryant on the basis of her race (African American) by failing to give her the same promotional opportunities and promotion afforded to her male co-worker under announcement DMY-11-0032-MP in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 20000e et seq.

### Count III

30. Based upon the facts described in the preceding paragraphs, the Defendant unlawfully discriminated against Plaintiff Sheila Bryant on the basis of reprisal for initiating an

EEO complaint in 2009 by failing to give her the same promotional opportunities and promotion afforded to her male co-worker under announcement DMY-11-0032-MP in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 20000e et seq.

## RELIEF REQUESTED

31. Plaintiff requests all remedies available under Title VII of the Civil Rights Act of 1964, and any other applicable discrimination laws including but not limited to the following relief:

Retroactive temporary promotions to the position of Equal Opportunity Specialist, GS 14, for 120 days from August to November 2008, and 120 days from August to November 2009;

Retroactive promotion to Equal Opportunity Specialist, GS 14 to the earliest date of a comparator's promotion in which discrimination and/or reprisal is found;

Full back pay, with interest and back benefits from the dates of any retroactive promotions awarded until the date of judgment;

Maximum compensatory damages to which Plaintiff is entitled after proof at trial;

Appropriate record correction consistent with the facts of this case and the above requested relief;

Posting of notices at USDA's Washington D.C. Headquarters stating that discrimination has occurred and is unlawful;

Reasonable attorney fees at the prevailing market (Laffey) rates, costs and expenses of this action; and

Such other relief as the Court deems just and appropriate.

## JURY TRIAL

Plaintiff requests a jury trial on all issues that are triable by jury.

*Sheila Bryant* (signature)
Sheila Bryant
4955 Kirwyn Ct.,
Woodbridge, VA  22193
(703) 217-7459

20, December 2018

Plaintiff